IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VUGO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 17-cv-864 |
| CITY OF CHICAGO, | ) | |
| an Illinois municipal corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

1.      The City of Chicago has banned people who drive for ridesharing service providers such as Uber and Lyft from displaying advertisements on or inside their vehicles. But it has not banned taxicabs from displaying such advertisements, nor has it banned the owners of ordinary passenger vehicles from doing so.

2.      This discrimination against ridesharing drivers violates the right to free speech under the First Amendment to the United States Constitution and Article I, Section 4 of the Illinois Constitution and the right to equal protection under the Fourteenth Amendment to the United States Constitution and Article I, Section 2 of the Illinois Constitution.

3.      This civil rights lawsuit asks this Court to declare Chicago's discriminatory advertising ban unconstitutional and permanently enjoin its enforcement.

## JURISDICTION AND VENUE

4.      This action arises under the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983, 1988, and Article I, Section 2 and Article I, Section 4 of the Illinois Constitution. Plaintiff seeks injunctive and declaratory relief against the enforcement of

the challenged portions of the City of Chicago municipal code, which violate Plaintiff's free speech and equal protection rights on their face and as applied.

5.      This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343, and 2201. The state law claims are so closely related to the federal claims as to create supplemental jurisdiction under 28 U.S.C. § 1367(a).

6.      This Court is authorized to grant Plaintiffs' prayer for declaratory judgment under 28 U.S.C. §§ 2201 and 2202, Federal Rule of Civil Procedure 57 and 740 ILCS 23/5(b).

7.      This Court is authorized to grant Plaintiffs' prayer for injunctive relief under 42 U.S.C. § 1983, Federal Rule of Civil Procedure 65 and 740 ILCS 23/5(b).

8.      This Court is authorized to award Plaintiffs' attorneys' fees and costs under 42 U.S.C. § 1988 and 740 ILCS 23/5(c).

9.      Venue is proper in this district under 28 U.S.C. § 1391(b) because the events giving rise to Plaintiff's claims occurred within the district and because Defendant is located in this district.

## PARTIES

10.      Plaintiff Vugo, Inc. is a corporation organized under the laws of Delaware, with a business model designed to allow drivers for ridesharing services, such as Uber and Lyft, to display advertising inside their vehicles. Its headquarters is in Minneapolis, Minnesota, and it does business with advertisers and rideshare drivers across the United States.

11.      Defendant City of Chicago is an Illinois municipal corporation located in Cook County, Illinois.

## STATEMENT OF FACTS

**Vugo's Advertising Platform**

12.     Vugo is a technology company founded in 2015 and based in Minneapolis, Minnesota. It operates a software-only mobile media network that allows ridesharing drivers to display advertising and other media (such as news and entertainment) in their vehicles. It currently operates in dozens of cities in the United States, including Los Angeles, Minneapolis, and San Francisco,

13.     Vugo connects local, regional, and national advertisers with passengers in rideshare vehicles through interactive ads displayed on tablet devices placed inside rideshare vehicles.

14.     Vugo partners directly with rideshare drivers and fleet owners of rideshare vehicles to display media, including advertisements, to their passengers on tablet devices, and it shares its advertising revenue with the drivers or owners.

15.     Because rideshare drivers operate as independent contractors, each driver decides whether he or she wants to use Vugo's service. Vugo contracts with the drivers themselves or, in some cases, with fleet owners who own and lease vehicles to individual drivers.

16.     To use Vugo, a driver installs the Vugo software application from the Google Play Store or Apple App Store on his or her personal Android or Apple tablet device and then creates an account. The driver mounts the tablet device to the headrest of his or her vehicle's front seat, facing the rear passenger seats, so passengers can see the ads.

17.     Tablets displaying Vugo's media and advertising in this way are similar to the interactive touch screens that are common in Chicago taxicabs.

18.     Vugo's software seeks to show rideshare passengers media and ads they are likely to find relevant by using an algorithm that selects media and ads for any given trip based on trip

3

signals and other data, including city, state, route, pick-up point for the trip, business category, specific keywords, and the passenger's destination.

19.     Vugo's platform shows ads only when a rideshare driver has a passenger. Passengers can interact with ads and other content that interest them by tapping on the tablet screen.

20.     Advertisers pay Vugo for the ads that are displayed, and Vugo pays rideshare drivers a percentage of that revenue. Vugo estimates that most drivers will be able to earn an average of $100 per month from the advertising.

**Chicago's Ban on Commercial Advertising on or in Rideshare Vehicles**

21.     In May 2014, the City passed an ordinance regulating ridesharing service providers (which it calls "transportation network providers"), ridesharing vehicles ("transportation network vehicles"), and ridesharing drivers ("transportation network drivers"), which went into effect on September 2, 2014. Chi. Ordinance No. O2014-1367 (the "Ordinance").

22.      The Ordinance prohibits all commercial advertising on and inside ridesharing vehicles, stating that "[c]ommercial advertisements shall not be displayed on the exterior or in the interior of a transportation network vehicle." Chi. Mun. Code 9-115-130.

23.     The City of Chicago Municipal Code ("Code") defines transportation network service as "a prearranged transportation service offered or provided for compensation using an Internet-enabled application or digital platform to connect potential passengers with transportation network drivers." Chi. Mun. Code 9-115-010.

24.     Anyone who violates the Ordinance's ban on commercial advertisements on and inside a ridesharing vehicle is subject to a fine from $500.00 to $1,000.00 for each violation. Chi. Mun. Code 9-115-230.

25.     In contrast, the Code elsewhere provides that taxicab licensees, unlike ridesharing drivers, "may apply for permits to install and/or display an advertising sign or device on the exterior and interior of the vehicle." Chi. Mun. Code 9-112-410(b).

26.     Under that provision, the City has issued advertising permits to numerous taxicab licensees, and numerous taxicab vehicles do in fact display advertising signs or devices on their exterior, interior, or both.

27.     Further, the City does not prohibit advertising on and inside ordinary passenger vehicles that are not used as taxicabs or for ridesharing.

**Harm to Plaintiff**

28.     Vugo wishes to contract with rideshare drivers in Chicago to show advertisements to ridesharing passengers in Chicago using the Vugo platform on their electronic tablets. These advertisements include ads from businesses located in Chicago.

29.     Because of the City's prohibition on commercial advertisements on or inside ridesharing vehicles, Vugo cannot operate its platform in Chicago.

30.     The prohibition makes it impossible for Vugo to contract with Chicago rideshare drivers who want to use Vugo's advertising platform.

31.     The prohibition also makes it virtually impossible for Vugo to contract with Chicago businesses to display advertisements on the Vugo platform because such advertisements could not be displayed in rideshare vehicles in Chicago, the city in which local Chicago businesses typically would most want to advertise.

32.     If Vugo were to contract with rideshare drivers to display its advertising platform in rideshare vehicles in Chicago, it could be subject to fines from $500.00 to $1,000.00 for each violation. Chi. Mun. Code 9-115-230.

33.     Because of the Ordinance, Vugo is completely unable to operate its platform in

Chicago – and Chicago rideshare drivers are completely unable to display advertising provided

by Vugo – even as the City explicitly authorizes taxicabs to display advertising and does not

prohibit other passenger vehicles from doing so.

**Count I**
**The City's ban on commercial advertisements on or inside ridesharing**
**vehicles violates the First Amendment to the United States Constitution**
**and Article I, Section 4 of the Illinois Constitution**

34.     The allegations contained in all preceding paragraphs are incorporated herein by

reference.

35.     Section 9-115-130 of the Code, which prohibits commercial advertisements on or

inside ridesharing vehicles, violates the First Amendment to the United States Constitution and

Article I, Section 4 of the Illinois Constitution on its face and as applied to Vugo's advertising

platform, which is intended to be displayed in transportation network vehicles.

36.     The prohibition on commercial advertisements on or inside ridesharing vehicles is a

content-based restriction on speech.

37.     The advertising ban is a content-based restriction on speech because it prohibits

commercial advertising, but not non-commercial advertising, in ridesharing vehicles – i.e.,

because it restricts certain speech based on the topic discussed or the idea or message expressed.

*See Reed v. Town of Gilbert*, 135 S. Ct. 2218, 2227 (2015).

38.     In addition and in the alternative, the advertising ban is a content-based restriction on

speech because the Code discriminates in favor of certain speakers and against others by

prohibiting commercial advertising in ridesharing vehicles while explicitly authorizing such

speech in taxicabs and not prohibiting such speech in ordinary passenger vehicles. *Cf. Citizens*

*United v. FEC*, 558 U.S. 310, 340 (2010) ("Speech restrictions based on the identity of the speaker are all too often simply a means to control content.").

39.     As a content-based restriction on speech, the advertising ban is subject to strict scrutiny, which requires the City to show that the ban is narrowly tailored to serve a compelling government interest. *Reed*, 135 S. Ct. at 2231.

40.     The advertising ban cannot survive strict scrutiny because the City does not have a compelling, important, or even rational justification for prohibiting commercial advertisements on and inside ridesharing vehicles while authorizing such advertisements on and inside taxicabs and not prohibiting such advertisements on ordinary passenger vehicles.

41.     In addition and in the alternative, the advertising ban cannot survive the First Amendment scrutiny that courts generally apply to restrictions on commercial speech because Vugo does not seek to provide unlawful, false, or misleading advertising; the City has no substantial interest in prohibiting commercial advertising in ridesharing vehicles, especially while it allows such advertising in taxicabs; and the ban does not advance (or is not narrowly tailored to serve) any substantial government interest. *See Central Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of N.Y.*, 447 U.S. 557, 566 (1980).

42.     The Ordinance's ban on commercial advertising on and inside ridesharing vehicles has caused and is causing Vugo irreparable injury for which it has no adequate remedy at law.

**Count II**
**The City's ban on commercial advertisements on and inside**
**ridesharing vehicles violates the Equal Protection Clause of**
**the Fourteenth Amendment to the United States Constitution**
**and Article I, Section 2 of the Illinois Constitution**

43.     The allegations contained in all preceding paragraphs are incorporated herein by reference.

44.     Under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and Article I, Section 2 of the Illinois Constitution, Plaintiff has a right to equal protection under the law.

45.     A classification that burdens a fundamental right, such as the rights to free speech and association, must be narrowly tailored to serve a compelling state interest. *Plyler v. Doe*, 457 U.S. 202, 217-18 (1982).

46.     The Code treats Plaintiff and others seeking to advertise in transportation network vehicles differently from people seeking to advertise in similarly situated vehicles – taxicabs – by prohibiting commercial advertising on and inside ridesharing vehicles, while permitting advertising in the interior and on the exterior of taxicabs. *See* Chi. Mun. Code 9-115-130; 9-112-410(b).

47.     The City does not possess a compelling, important, or even rational justification for prohibiting commercial advertisements on and inside ridesharing vehicles while allowing such advertisements on and inside taxicabs.

48.     No difference between the services provided by ridesharing vehicles and the services provided by taxicabs, or between the other regulations to which ridesharing vehicles are subject and the regulations to which taxicabs are subject, justifies banning commercial advertisements in ridesharing vehicles while allowing them in taxicabs.

49.     In addition and in the alternative, the Code treats Plaintiff and others seeking to advertise in transportation network vehicles differently from people seeking to advertise in similarly situated vehicles – specifically, ordinary passenger vehicles – by prohibiting commercial advertising on and inside ridesharing vehicles but not on and inside ordinary passenger vehicles.

50.    The City does not possess a compelling, important, or even rational justification for prohibiting commercial advertisements on and inside ridesharing vehicles while allowing such advertisements on and inside ordinary passenger vehicles.

51.    The ban on commercial advertisements on and inside ridesharing vehicles is not narrowly tailored or closely drawn to serve any legitimate government interest.

52.    For these reasons, the Ordinance's advertising ban violates Plaintiff's right to equal protection under the law guaranteed by the Equal Protection Clause and Article I, Section 2 of the Illinois Constitution.

53.    The Ordinance's ban on commercial advertising on and inside ridesharing vehicles has caused and is causing Vugo irreparable injury for which it has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Vugo, Inc., prays for the following relief:

A.    A declaratory judgment stating that Section 9-115-130 of the Chicago Municipal Code prohibiting commercial advertisements on the exterior or in the interior of a ridesharing vehicle violates the right to free speech under the First Amendment to the United States Constitution and Article I, Section 4 of the Illinois Constitution, both on its face and as applied to Vugo;

B.    A declaratory judgment stating that the Chicago Municipal Code's discrimination against ridesharing vehicles in prohibiting commercial advertisements on the exterior or in the interior of a ridesharing vehicle, Section 9-115-130, while authorizing taxicabs to advertise on the exterior or in the interior of a taxicab, Section 9-112-410(b), and not prohibiting other passenger vehicles from doing so, violates the right to equal protection under the law under the

Fourteenth Amendment to the United States Constitution and Article I, Section 2 of the Illinois

Constitution, both on its face and as applied to Vugo;

      C.     A permanent injunction restraining enforcement of Section 9-115-130 of the

Chicago Municipal Code against Vugo;

      D.     An award of nominal damages in the amount of $1.00 for the violation of Vugo's

constitutional rights;

      E.     Vugo's reasonable costs and expenses of this action, including attorney fees,

pursuant to 42 U.S.C. § 1988(b), 740 ILCS 23/5(c), or any other applicable law;

      F.     All other further relief to which Vugo may be entitled.

**Dated: February 2, 2017**

Respectfully submitted,

**VUGO, INC.**

By: /s/ Jeffrey M. Schwab_____

Jacob H. Huebert (#6305339)
Jeffrey M. Schwab (#6290710)
Liberty Justice Center
190 South LaSalle Street, Suite 1500
Chicago, Illinois 60603
Telephone (312) 263-7668
Facsimile (312) 263-7702
jhuebert@libertyjusticecenter.org
jschwab@libertyjusticecenter.org

10